## Commonwealth, Appellant, v. Stone.

*Criminal law—Embezzlement—Banks and banking—Act of June 12, 1878, P. L. 196.*

An indictment against private bankers under the Act of June 12, 1878, P. L. 196, cannot be sustained, where the indictment shows on its face that the money which the prosecutrix claims was embezzled, had been deposited to her credit in the banking institution of which defendants were members. Moneys deposited in a bank cease to be the property of the depositor, and become the property of the bank.

Argued March 11, 1912. Appeal, No. 84, Oct. T., 1912, by plaintiff from judgment of Superior Ct., April T., 1912, No. 20, affirming judgment of Q. S. Beaver Co., quashing indictment in case of Commonwealth v. Dan. H. Stone and Charles H. Stone. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Appeal from judgment of the Superior Court. See 48 Pa. Super. Ct. 260.

*Error assigned* was the judgment of the Superior Court.

*Edwin S. Weyand,* with him *Joseph Knox Stone,* and *J. Frank Reed,* for appellant.

*J. Rankin Martin, J. Sharp Wilson, Joseph L. Holmes* and *William A. McConnel,* for appellees.

PER CURIAM, April 8, 1912:

The indictment quashed by the court below was framed under the first section of the Act of June 12, 1878, P. L. 196, which is as follows: "If any person, being an officer, director, superintendent, manager, receiver, employe, agent, attorney, broker, or member of any bank or other body corporate, or public company, municipal or quasi municipal corporation, shall fraudulently take, convert, or apply to his own use, or the use of any other person, any of the money or other property of such bank, body corporate or company, municipal or quasi municipal corporation, or belonging to any person or persons, corporation or association, and deposited therein, or in possession thereof, he shall be guilty of a misdemeanor." The indictment shows on its face that the money which the prosecutrix alleges was embezzled by the defendants did not belong to her, for the averment is that the same had been deposited to her credit in the banking institution of which the defendants were members. When the money was so deposited it ceased to be the property of the prosecutrix and became the money of the bank: Bank of Northern Liberties v. Jones, 42 Pa. 536; Commercial National Bank v. Henninger, 105 Pa. 496. The indictment, in effect, charges the defendants with embezzling their own money, and it was, therefore, properly quashed.

The appeal from the action of the Superior Court, sustaining the court below, is dismissed.